PANNE R, District Judge,
concurring in part and concurring in the judgment.
I agree that plaintiffs claims against the franchisor and the individual police officers under Title III of the Americans with Dis *1039 abilities Act (“ADA”) must be dismissed for the reasons cited by Judge Morris Arnold. In addition, I note that in a civil action under Title III of the ADA, a private plaintiff can obtain only injunctive relief, not the compensatory and punitive damages that plaintiff seeks. See 42 U.S.C. § 12188(a).
I also agree that plaintiff has failed to state a claim under 42 U.S.C. § 1983. In my view, violations of Title II and Title III of the ADA are not cognizable as § 1983 claims. To hold otherwise would disrupt the statutory scheme enacted by Congress which explicitly limits the remedies available for violations of the ADA.
I would affirm the dismissal of plaintiffs claims against the members of the Board of Police Commissioners under Title II of the ADA, though not for the reasons stated by the district court. The police officers who asked plaintiff to leave the restaurant, and Major Pollihan, who was designated to represent the Board of Police Commissioners, all testified that they understood Special Order 86-S-31 applied not only to violations of the city ordinance but also to enforcement of the state law. For purposes of opposing a motion for summary judgment, that is sufficient to carry the day. Although the challenged Special Order was issued by the Police Chief, while the defendants are members of the Board of Police Commissioners, the defendants are the Chiefs bosses and they have the power to alter the challenged policy. That is sufficient since, as I read Title II of the ADA and its cross-references to 29 U.S.C. § 794a, the only remedy available to plaintiff in this circumstance is equitable relief. Therefore, I agree with Judge Richard Arnold that we must address the merits.
Unlike Judge Richard Arnold, however, I would hold that this policy does not violate Title II of the ADA. The policy does not refuse service to persons with disabilities. If a disabled individual calls to report a burglary, stolen car, or loud party, the police handle the call no differently than they would handle a call from any other citizen. What the police do have is a policy of not taking sides in disputes concerning discrimination in public accommodations, preferring to let those matters be handled through civil proceedings. This is not a policy targeted solely at persons with disabilities, but includes all incidents concerning these laws, including race, religion, and gender. There is a civil enforcement mechanism available, and the police advise individuals of their right to initiate such action.
The police did not discriminate against plaintiff because she has a disability. They treated her precisely the same as they treat all persons in that situation, disabled or not. Nor is this a case where the police denied plaintiff a reasonable accommodation that would let her enjoy the same public services as other citizens. Summary judgment should be granted for defendants on this claim, albeit not for the reasons articulated by the trial court.
Finally, I respectfully disagree with the suggestion that denial of services on account of plaintiffs service dog was not denial of services on account of her disability. Nevertheless, I agree that the state law claim should be dismissed.
I concur in the judgment affirming the dismissal of this action.